# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KATE UKWU, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0025-M |
| | ) | |
| MICHAEL MUKASEY, as Attorney | ) | |
| General of the United States, et al., | ) | |
|       Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Emergency Motion for (TRO) Injunctive Relief ('Petition')" of Petitioner Kate Ukwu ("Petitioner"). For the reasons stated below, the petition is **DENIED**.

## Background

Petitioner is an alien who is subject to a final order of removal from the United States. Petitioner names as Respondents Michael Mukasey, Attorney General of the United States; Michael Chertoff, Secretary of the United States Department of Homeland Security; Nuria Prendes, Officer in Charge, Dallas, Texas Immigration Customs Enforcement ("ICE"), United States Department of Homeland Security; and Kristi Barrows, District Director of Red River District of United States Citizenship and Immigration Services (collectively "Respondent").[1] Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 and requests declaratory and injunctive relief to obtain her release from detention and to stay her removal from the United States.

---

[1] The proper Respondent in a habeas corpus petition is the petitioner's immediate custodian, in this case, Ms. Jill Watson, Warden, Rolling Plains Detention Center. Nevertheless, because of the emergency nature of the petition, the Court will proceed.

Petitioner is a native and citizen of Nigeria who entered the United States in 1992 as a non-immigrant visitor and overstayed her period of authorized stay. She knowingly attempted to illegally obtain an Alien Registration Receipt Card from an officer of the Immigration and Naturalization Service, believing that the officer was corrupt. She was arrested and charged for this offense and pled guilty. Petitioner was convicted in this Court of Conspiracy to Possess and Use [a] False Immigration Document, 18 U.S.C. § 371.

On August 7, 1995, the former Immigration and Naturalization Service[2] charged Petitioner as an alien subject to deportation for having overstayed her period of authorized stay and for having a federal conviction for conspiracy to possess a false immigration document. The Service issued Petitioner an Order to Show Cause why she should not be deported. Petitioner admitted during the administrative deportation proceedings that she was subject to deportation, and she applied for asylum. She claimed that she feared female genital mutilation ("FGM") if she returned to Nigeria.

The immigration judge ("IJ") found that her claim of asylum was not credible (1) in light of her criminal conviction for immigration fraud and (2) because she had previously made a false claim to United States citizenship. The IJ also noted that the court had investigated her claim that she would be subject to a particularly egregious form of FGM due to her divorce from her husband. The Department of Justice ("DOJ") had responded that the particular form of FGM that she claimed she feared was not practiced by her tribe in Nigeria. The DOJ concluded that FGM plays no role in divorces in Nigeria. The IJ denied her asylum claim and ordered her removed to Nigeria.

---

[2] On March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 102 *et seq.*, 116 Stat. 2135 (Nov. 25, 2002). The United States Immigration and Customs Enforcement, a component of the Department of Homeland Security, assumed responsibility for interior immigration and customs enforcement. *Id*.

Petitioner obtained new counsel who appealed the order of removal. On March 2, 2002, the Board of Immigration Appeals ("BIA") dismissed her appeal because her attorney failed to file a brief.[3] Nevertheless, the BIA conducted its own review of the Record of Proceeding, and concluded that the IJ's decision was correct. With the assistance of another lawyer, Petitioner filed a Motion to Reopen the BIA's decision on the ground that her appellate counsel had provided constitutionally ineffective assistance of counsel. On October 8, 2002, the BIA denied the Motion to Reopen as untimely and because Petitioner failed to show "substantial prejudice." The BIA affirmed the IJ's finding that Petitioner's asylum claim was not credible and found that she failed to show error.

On November 8, 2002, Petitioner filed a Petition for Review ("PFR") in the Fifth Circuit Court of Appeals. The government moved to dismiss the PRF as untimely. On June 3, 2003, the Fifth Circuit dismissed the PFR.

Pursuant to the outstanding final order for Petitioner's removal, ICE Officers arrested her at her place of employment on November 29, 2007. Petitioner has been in ICE custody since that time, and she is scheduled to be removed to Nigeria on or about January 15, 2008. On the same day that Petitioner filed her petition in this case, she also filed a motion to reopen and request for stay of removal with the BIA.

## Analysis

Seeking release from detention, Petitioner claims that "freedom from imprisonment-- from government custody, detention, or other forms of physical restraint--lies at the heart of the liberty that [the Due Process] Clause protects," citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). *Zadvydas* stands for the proposition that the Constitution limits "an alien's post-removal-period

---

[3] Petitioner's attorney has been suspended from the practice of law before the BIA.

detention to a period reasonably necessary to bring about that alien's removal from the United States" and does not permit indefinite detention. *Zadvydas*, 533 U.S. at 690. Petitioner has been detained less than fifty days and is scheduled to be removed on or about January 15, 2008. Pursuant to 8 U.S.C. § 1231(a)(6), ICE may detain an alien with a final removal order if the alien is unlikely to comply with the removal order. Petitioner proved that she is unlikely to comply with her removal order by failing to depart after she was ordered deported in 2002. ICE Fugitive Operations officers were required to arrest her. More than a significant likelihood exists of her removal in the reasonably foreseeable future; her removal is imminent. She may be properly held in confinement until her removal. *See Zadvydas,* 533 U.S. at 701. Therefore, Petitioner has no grounds for release from detention, and her First Claim for Relief is denied.

Petitioner also disingenuously claims that Petitioner never committed a crime in the United States and never knowingly violated immigration laws. She contends that, for these reasons, she has been denied procedural and substantive due process of law. Petitioner pled guilty before this Court to conspiracy to violate immigration laws in violation of 18 U.S.C. § 371 & 1546 and was convicted and sentenced. *United States v. Ukwu*, No. 3:95-CR-00188 (N.D. Tex. Nov. 27, 1995). Petitioner's "Third Claim"[4] is denied.

Finally, Petitioner challenges the validity of the underlying deportation order and seeks to preliminarily enjoin ICE from removing her. "Where a challenge to jurisdiction is interposed on an application for a preliminary injunction '[t]he plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.' " *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d

---

[4] The Petition does not denote a "Second Claim."

56, 59 (2d Cir. 1981). Respondent correctly contends that this Court lacks jurisdiction to consider the validity of Petitioner's underlying deportation order. Among its other provisions effective upon enactment on May 11, 2005, REAL ID Act § 106 divested the district courts of all subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* INA § 242(a)(5), 8 U.S.C. § 1252(a)(5), as amended by REAL ID Act § 106(a) ("Notwithstanding any other provision of law... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act ...."); INA § 242(b)(9), 8 U.S.C. § 1252(b)(9), as amended by REAL ID Act § 106(a)(2) ("Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [28 U.S.C. § 2241] or any other habeas corpus provision ... to review such an order or such questions of law or fact."). Petitioner's habeas corpus petition falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it seeks review of the BIA's decision and a stay of an order of removal. Therefore, this Court lacks jurisdiction to consider Petitioner's claim for preliminary injunctive relief. Petitioner failed to adequately establish that at least a reasonable probability of ultimate success on the question of jurisdiction would exist if this Court were to consider the petition on the merits. Additionally, although Petitioner cites as a basis for jurisdiction the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, she presents no basis for declaratory relief. Accordingly, her requests for a writ of habeas corpus and declaratory and injunctive relief are DENIED.

Signed, January 14, 2008.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS